UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON COURT OF APPEALS DIVISION ONE, MASAKO KANAZAWA, RICHARD JOHNSON,<br><br>Defendant. | Case No. C21-493RSM<br><br>ORDER TO SHOW CAUSE |

*Pro se* Plaintiff Scott Francis Iceberg has been granted leave to proceed *in forma pauperis* in this matter on April 13, 2021. Dkt. #4. The Complaint has been posted on the docket. #5. Summonses have not yet been issued.

Mr. Iceberg brings suit against "the Washington Court of Appeals Division One" and two employees who work for that court for violation of Title II of the Americans with Disability Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), as well as state and federal constitutional claims for denial of access to the courts. *Id*. Although he provides very few details as to the underlying subject matter of his case before that appellate court, he states he was "appealing the denial of a GR33 request for appointment of an attorney as a reasonable accommodation under the ADA Title II." *Id*. at 1.

Mr. Iceberg states he has been diagnosed with "Complex Post Traumatic Stress Disorder, Panic Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder, and Ulcerative Colitis." *Id.* at 2. He claims that his disability substantially limits his ability to care for himself, including "eating, sleeping, speaking, concentrating, thinking, communicating, and interacting with others." *Id*. at 3. He states that "when engaging in adversarial interactions, especially with individuals in positions of authority… Plaintiff suffers severe stress, which greatly aggravate his disability, and render him unable to function." *Id*. He warns that he "may response [sic] inappropriately or nonsensically." *Id*.

Mr. Iceberg claims that Defendant Richard Johnson, a Washington Court of Appeals Division One court employee, "summarily denied, Plaintiff's requests for accommodation, without demonstrating said requests to be a fundamental alteration, undue burden, safety threat, violation of Washington State law, or violation of GR33." *Id.* at 2. Defendant Commissioner Masako Kanazawa allegedly "demonstrated deliberate indifference" as to Plaintiff's rights by "ignoring his requests for accommodation." *Id.*

The requested accommodation at issue was that "Mr. Johnson gather Plaintiff's medical records to determine what accommodations may allow Plaintiff to access the Washington Court of Appeals Division 1 for purposes of appealing the denial of Plaintiff's accommodation requests made to the Snohomish County Superior Court." *Id*. at 3. This request was made in June of 2019, then again in August of 2020. *Id*. at 3–4. Mr. Johnson apparently never responded to these requests, neither did Commissioners Kanazawa. *Id*. at 4. In December of 2020, his case was dismissed.

Under his "Claims for Relief" section, Mr. Iceberg states that Defendants violated Title II of the ADA because they "had ample notice of the need for the accommodation/modification

of providing a representative, yet failed, despite repeated requests, to act appropriately." *Id*. at 5. Mr. Iceberg provides no explanation of how Defendants violated the WLAD. *See id*. (quoting the applicable statute and stating only "Plaintiff requests declaratory relief."). He provides no explanation of how Defendants violated the federal and state Constitutions. *See id.* at 6 (quoting case law on access to the courts and stating only "Plaintiff requests declaratory relief.").

Following the end of his Complaint, Mr. Iceberg has apparently attached another draft of his Complaint, single spaced, and no longer on pleading paper. *See id*. at 7–19. This second Complaint is more difficult to follow than the first and speaks of the "ways Plaintiff is prevented from accessing the Court system," referring generally to his experiences with many different courts not involved in this action. *Id*. He includes excerpts of his emails to Mr. Johnson but not the responses from Mr. Johnson, except that Mr. Johnson apparently pointed out to Mr. Iceberg that he had failed to file a notice of appeal in the lower state trial court. *See id*. at 13. In one letter to Mr. Johnson, Mr. Iceberg alleges he stated:

> In order for you to make an informed judgment regarding any request for accommodation/modification that I need to access the WAC, you will need to obtain my medical records, and consult with qualified professionals…. Finally, the main reason I cannot gather and submit my medical records is that my medical providers simply will not provide me with certain records, such as mental health notes. These records may be critical for you to determine the reasonableness of any request for accommodation I make. My providers will, however, provide my complete records to an appropriate third party, such as the WAC Division 1.

Dkt. #5 at 11. Mr. Iceberg pleads that because he was "unable to arrange accommodations which will allow him to access the services and programs Defendants offers, the timeframe in which he had to appeal his accommodation request denial in the Snohomish County Superior Court lapsed." *Id*. at 14. Under the "Claims for Relief" section of this second Complaint, Mr.

Iceberg again fails to connect the law to his claims. *See id*. at 15–16. He requests declaratory, injunctive, and monetary relief in the amount of $30,000. *Id.* at 18. He requests "a declaratory judgment that Defendants failure [sic] to provide a representative Vocational Rehabilitation." *Id*. He states that he "sent this complaint to King County Office of Risk Management Services." *Id*. Mr. Iceberg ends by requesting an appointed attorney. *Id.* at 19.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Before analyzing this Complaint, the Court will briefly recount a recent suit by Mr. Iceberg against King County as the facts and law are quite similar. In Case No. 2:20-cv-01595-RSM, Mr. Iceberg sued King County Superior Court, later King County, as well as Judges Regina Cahan and Suzanne Parisien, and superior court Deputy Chief Administrative Officer Linda Ridge. *See* Case No. 2:20-cv-01595-RSM, Dkt. #32. He alleged that King County Superior Court failed to accommodate his disability by appointing counsel under state court rule GR 33. *Id*. Iceberg's GR 33 accommodation request was assigned to King County Superior Court Judge Regina Cahan, who found that Plaintiff had been able to file "well organized, articulate written responses" and that he had "a history of filing lawsuits, demonstrating his ability to access the court." *Id*. at 3. Mr. Iceberg made a similar request in a subsequent lawsuit, which was denied on the same grounds by Judge Kenneth Schubert. *Id*. In a February 4, 2021, Order, the Court reviewed Mr. Iceberg's allegations and found that he "failed to allege sufficient factual matter, accepted as true, to state a claim to relief under the ADA, WLAD, or U.S. or Washington State Constitutions." *Id*. at 5. The Court pointed out that

Mr. Iceberg's claims against judges and court staff were barred under the doctrine of judicial immunity and the Eleventh Amendment. *Id*.

Turning to this most recent lawsuit, filed two months later, the Court finds that the Complaint likely fails to state a claim, appears to raise frivolous or malicious claims, and seeks monetary relief from defendants who are likely immune from such relief.

Some of the legal deficiencies are similar to those found in Case No. 2:20-cv-01595-RSM. Mr. Iceberg was informed that suing King County Superior Court was improper because it was not a separate legal entity with the capacity to be sued and he amended his Complaint to sue King County directly. Now he sues the Washington Court of Appeals Division One. Mr. Iceberg's claims for monetary damages or retrospective injunctive relief against these Defendants are likely barred under the Eleventh Amendment.

The failure to accommodate claim supporting this entire lawsuit appears factually deficient. Mr. Iceberg alleges that Defendants violated Title II of the ADA. This law prohibits public entities from discriminating against qualified individuals with disabilities in public accommodations. A public entity must provide a reasonable accommodation where necessary to provide meaningful access to individuals with disabilities, including "an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1) (2009). A person alleging a Title II violation must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. *Duvall v. Kitsap County*, 260 F.3d 1124, 1135 (9th Cir. 2001). When a public entity receives a request for an accommodation it must conduct a fact-specific

investigation to determine the appropriate accommodation under the circumstances. *Duvall*, 260 F.3d at 1139. But a public entity has an affirmative defense if it shows that the requested accommodation would impose an undue financial or administrative burden. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

As the Court views the above pled facts, Mr. Iceberg never actually made a request for an accommodation under Title II. Instead, he spoke of requests for accommodation he might make in the future tense and said that Defendants needed to have his medical records to evaluate such future requests. In a way, he requested an accommodation to being required to request an accommodation. This came from a Plaintiff well-versed in ADA law; his email communications cite to specific cases. *See* Dkt. #5 at 12. The Court believes that the law required Mr. Iceberg to make a request for accommodation before Defendants could have violated the law. Without a request, the Court cannot evaluate whether it was reasonable or not to deny it. It appears that any request would have been moot, as Mr. Iceberg failed to file a notice of appeal in the underlying trial court, which was not something Defendants were required to assist with. In any event, Defendants would likely be able to demonstrate that Mr. Iceberg's suggestion that they independently obtain his medical records and consult experts would have imposed an undue financial or administrative burden. These same deficiencies almost certainly doom his WLAD and constitutional claims, which are under-pled but undoubtedly based on the same failure to accommodate allegations. Accordingly, it appears at this moment that Mr. Iceberg fails to state a claim upon which relief can be granted.

In addition to the above legal deficiencies, there are procedural deficiencies. The Court notes that Mr. Iceberg, whether intentionally or not, has improperly filed two complaints on top of each other. The Court and Defendants will not be able to sort through these two overlapping

pleadings. Mr. Iceberg has also apparently cut-and-pasted from one or more of his prior lawsuits, as there are references to the King County Office of Risk Management which is not a defendant, as well as requests for a personal representative, which was not a request at issue here, and a reference to vocational rehabilitation.

This Complaint appears to suffer from deficiencies that require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B). In Response to this Order, Mr. Iceberg must write a short statement telling the Court (1) why each of the Defendants is not immune from suit, (2) when he specifically requested an accommodation from Defendants and what was requested, (3) why his claims are not mooted because his appeal was dismissed on procedural grounds unrelated to his need for accommodations at the appellate court, and (4) why this case should not be dismissed as frivolous. **This Response may not exceed six double-spaced (6) pages**. Attachments or amended pleadings are not permitted. The Court will take no further action in this case until Mr. Iceberg has submitted this Response. To the extent that Plaintiff's request for counsel in his Complaint could be interpreted as a motion, the Court finds no basis to appoint counsel in this case, relying on its prior analysis in Case No. 2:20-cv-01595-RSM, Dkt. #21 ("Order Denying Motion for Appointment of Counsel").

Accordingly, the Court hereby finds and ORDERS that Mr. Iceberg shall file a Response to this Order to Show Cause containing the detail above **no later than thirty (30) days from the date of this Order**. Failure to file this Response will result in case dismissal.

DATED this 14th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE