UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON COURT OF APPEALS DIVISION ONE, MASAKO KANAZAWA, RICHARD JOHNSON,<br><br>    Defendants. | Case No. C21-493RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the court *sua sponte*. *Pro se* Plaintiff Scott Francis Iceberg has been granted leave to proceed *in forma pauperis* in this matter on April 13, 2021. Dkt. #4. The Complaint has been posted on the docket. #5. Summonses have not yet been issued.

Mr. Iceberg brings suit against "the Washington Court of Appeals Division One" and two employees who work for that court for violation of Title II of the Americans with Disability Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), as well as state and federal constitutional claims for denial of access to the courts. *Id*. Although he provides very few details as to the underlying subject matter of his case before that appellate court, he states he was "appealing the denial of a GR33 request for appointment of an attorney as a reasonable accommodation under the ADA Title II." *Id*. at 1.

Mr. Iceberg states he has been diagnosed with "Complex Post Traumatic Stress Disorder, Panic Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder, and

ORDER OF DISMISSAL - 1

Ulcerative Colitis." *Id.* at 2. He claims that his disability substantially limits his ability to care for himself, including "eating, sleeping, speaking, concentrating, thinking, communicating, and interacting with others." *Id*. at 3. He states that "when engaging in adversarial interactions, especially with individuals in positions of authority… Plaintiff suffers severe stress, which greatly aggravate his disability, and render him unable to function." *Id*. He warns that he "may response [sic] inappropriately or nonsensically." *Id*.

Mr. Iceberg claims that Defendant Richard Johnson, a Washington Court of Appeals Division One court employee, "summarily denied, Plaintiff's requests for accommodation, without demonstrating said requests to be a fundamental alteration, undue burden, safety threat, violation of Washington State law, or violation of GR33." *Id.* at 2. Defendant Commissioner Masako Kanazawa allegedly "demonstrated deliberate indifference" as to Plaintiff's rights by "ignoring his requests for accommodation." *Id.*

The requested accommodation at issue was that "Mr. Johnson gather Plaintiff's medical records to determine what accommodations may allow Plaintiff to access the Washington Court of Appeals Division 1 for purposes of appealing the denial of Plaintiff's accommodation requests made to the Snohomish County Superior Court." *Id*. at 3. This request was made in June of 2019, then again in August of 2020. *Id*. at 3–4. Mr. Johnson apparently never responded to these requests, neither did Commissioner Kanazawa. *Id*. at 4. In December of 2020, his case was dismissed.

Under "Claims for Relief," Mr. Iceberg states Defendants violated Title II of the ADA because they "had ample notice of the need for the accommodation/modification of providing a representative, yet failed, despite repeated requests, to act appropriately." *Id*. at 5. He provides no explanation of how Defendants violated the WLAD. *See id*. (quoting the applicable statute

ORDER OF DISMISSAL - 2

and stating only "Plaintiff requests declaratory relief."). He provides no explanation of how Defendants violated the federal and state Constitutions. *See id.* at 6 (quoting case law on access to the courts and stating only "Plaintiff requests declaratory relief.").

Following the end of his Complaint, Mr. Iceberg apparently attached another draft of his Complaint, single spaced, and no longer on pleading paper. *See id*. at 7–19. This second Complaint is more difficult to follow than the first and speaks of the "ways Plaintiff is prevented from accessing the Court system," referring generally to his experiences with many different courts not involved in this action. *Id*. He includes excerpts of his emails to Mr. Johnson but not the responses from Mr. Johnson, except that Mr. Johnson apparently pointed out to Mr. Iceberg that he had failed to file a notice of appeal in the lower state trial court. *See id*. at 13. In one letter to Mr. Johnson, Mr. Iceberg alleges he stated:

> In order for you to make an informed judgment regarding any request for accommodation/modification that I need to access the WAC, you will need to obtain my medical records, and consult with qualified professionals…. Finally, the main reason I cannot gather and submit my medical records is that my medical providers simply will not provide me with certain records, such as mental health notes. These records may be critical for you to determine the reasonableness of any request for accommodation I make. My providers will, however, provide my complete records to an appropriate third party, such as the WAC Division 1.

Dkt. #5 at 11. Mr. Iceberg pleads that because he was "unable to arrange accommodations which will allow him to access the services and programs Defendants offers, the timeframe in which he had to appeal his accommodation request denial in the Snohomish County Superior Court lapsed." *Id*. at 14. Under the "Claims for Relief" section of this second Complaint, Mr. Iceberg again fails to connect the law to his claims. *See id*. at 15–16. He requests declaratory, injunctive, and monetary relief in the amount of $30,000. *Id.* at 18. He requests "a declaratory judgment that Defendants failure [sic] to provide a representative Vocational Rehabilitation."

ORDER OF DISMISSAL - 3

*Id*. He states that he "sent this complaint to King County Office of Risk Management Services." *Id*.

On April 14, the Court issued an Order directing Mr. Iceberg to show cause why this case should not be dismissed under 28 U.S.C. § 1915(e)(2)(B). Dkt. #6. The Court noted several deficiencies with the Complaint, both in the legal and factual support for the claims and in its formatting, grammar, and apparently copy-and-pasted content. The Court concluded with the following directions:

> In Response to this Order, Mr. Iceberg must write a short statement telling the Court (1) why each of the Defendants is not immune from suit, (2) when he specifically requested an accommodation from Defendants and what was requested, (3) why his claims are not mooted because his appeal was dismissed on procedural grounds unrelated to his need for accommodations at the appellate court, and (4) why this case should not be dismissed as frivolous.

*Id*. at 7.

On April 16, Mr. Iceberg submitted his two-page "Response to Order to Show Cause." Dkt. #9. He implies that the problems with the content of the Complaint, including the naming of immune Defendants, were caused by his faulty computer. *See id*. at 1 ("[d]ue to poverty, which is due solely to disability, I don't have a computer that functions very well"); *id*. at 2 ("I am not suing Masako Kanazawa. I don't have a computer that works properly."). Apparently addressing the question of mootness, he states:

> The complaint relates to my attempt to appeal the denial of an ADA accommodation request from the Snohomish County Superior Court in the Washington Court of Appeals. There was no case filed in Snohomish County. I was simply trying to arrange accommodations PRIOR to filing a case…. Since Mr. Johnson never responded appropriately to my accommodation requests made to Mr. Johnson as ADA coordinator, I never filed said appeal.

ORDER OF DISMISSAL - 4

*Id.* at 1. Mr. Iceberg argues that "WAC Division One does not employ a grievance procedure required by 28 CFR § 35.107." *Id.* at 2. Apparently addressing the question of what he specifically requested as an accommodation, he states:

> …Mr. Johnson, in his administrative capacity, constructively denied any and all accommodation requests. In addition, like most Washington State Courts, WAC Division One does not employ a grievance procedure required by 28 CFR § 35.107. I requested that Mr. Johnson appoint an attorney, after he failed to respond appropriately to my request that he gather my documentation. Mr. Johnson failed to demonstrate that any of my requests for accommodation to be a fundamental alteration, undue burden, or safety threat.

*Id.* Mr. Iceberg argues that "[b]y failing to respond; respond appropriately; or otherwise deliberately failing to comply even at the most basic level with the ADA Title II; Mr. Johnson retaliated and interfered with my rights under the ADA as they relate to accessing a State Court system." *Id.* He ends by stating "[a]gain, I am only seeking declaratory relief I will amend my complaint as soon as I am able." *Id.*

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

As in the Order to Show Cause, the Court finds it necessary to summarize a recent suit by Mr. Iceberg against King County as the facts and law are quite similar. In Case No. 2:20-cv-01595-RSM, Mr. Iceberg sued King County Superior Court, later King County, as well as Judges Regina Cahan and Suzanne Parisien, and superior court Deputy Chief Administrative Officer Linda Ridge. *See* Case No. 2:20-cv-01595-RSM, Dkt. #32. He alleged that King County Superior Court failed to accommodate his disability by appointing counsel under state court rule GR 33. *Id.* Iceberg's GR 33 accommodation request was assigned to King County

ORDER OF DISMISSAL - 5

Superior Court Judge Regina Cahan, who found that Plaintiff had been able to file "well organized, articulate written responses" and that he had "a history of filing lawsuits, demonstrating his ability to access the court." *Id*. at 3.  Mr. Iceberg made a similar request in a subsequent lawsuit, which was denied on the same grounds by Judge Kenneth Schubert.  *Id*.  In a February 4, 2021, Order, the Court reviewed Mr. Iceberg's allegations and found that he "failed to allege sufficient factual matter, accepted as true, to state a claim to relief under the ADA, WLAD, or U.S. or Washington State Constitutions." *Id*. at 5.  The Court pointed out that Mr. Iceberg's claims against judges and court staff were barred under the doctrine of judicial immunity and the Eleventh Amendment.  *Id*.  Mr. Iceberg filed two notices of appeal and an amended notice of appeal in that case.  Case No. 2:20-cv-01595-RSM, Dkts. #22, #34; #36.

Turning back to this most recent lawsuit, the Court has now reviewed the Response from Mr. Iceberg and finds that he fails to state a claim in this case, raises frivolous or malicious claims, and seeks monetary relief from defendants who are immune from such relief.

Some of the deficiencies in this case are similar to those found in Case No. 2:20-cv-01595-RSM, where Mr. Iceberg was informed that suing King County Superior Court was improper because it was not a separate legal entity with the capacity to be sued.  Now he sues the Washington Court of Appeals Division One.  Mr. Iceberg's claims for monetary damages or retrospective injunctive relief against these Defendants are barred under the Eleventh Amendment.  His explanation that he has named immune Defendants because of a faulty computer is not persuasive.  The Court does believe Mr. Iceberg when he states that the "complaint I filed includes paragraphs which I did not intend to include," Dkt. #9 at 1.  This could explain some of the formatting and grammatical errors noted above, but it does not excuse the following substantive deficiencies.

ORDER OF DISMISSAL - 6

Mr. Iceberg alleges that Defendants violated Title II of the ADA, prohibiting public entities from discriminating against qualified individuals with disabilities in public accommodations. A public entity must provide a reasonable accommodation where necessary to provide meaningful access to individuals with disabilities, including "an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1) (2009). A person alleging a Title II violation must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. *Duvall v. Kitsap County*, 260 F.3d 1124, 1135 (9th Cir. 2001). When a public entity receives a request for an accommodation it must conduct a fact-specific investigation to determine the appropriate accommodation under the circumstances. *Duvall*, 260 F.3d at 1139. But a public entity has an affirmative defense if it shows that the requested accommodation would impose an undue financial or administrative burden. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

As the Court views the above pled facts, Mr. Iceberg never actually made a request for an accommodation under Title II. Instead, he spoke of requests for accommodation he might make in the future tense and said that Defendants needed to have his medical records to evaluate such future requests. In a way, he requested an accommodation to being required to request an accommodation. This came from a Plaintiff well-versed in ADA law; his email communications cite to specific cases. *See* Dkt. #5 at 12. Mr. Iceberg's Response does little to clarify what was actually requested other than the request that Mr. Johnson gather his medical records and a later request for the appointment of counsel. The Court finds that the law

ORDER OF DISMISSAL - 7

required Mr. Iceberg to make a request for accommodation, based on a disability, before Defendants could have violated the law. Without a request, the Court cannot evaluate whether it was reasonable or not to deny it.

It also appears that any request would have been moot and that this case is moot, as Mr. Iceberg failed to file a notice of appeal in the underlying trial court, which was not something Defendants were required to assist with. The Response to the Order to Show Cause confirms the Court's understanding. It has never been explained why Mr. Iceberg, who has filed many lawsuits in state and federal court *pro se*, including many appeals, needed an accommodation from these Defendants to file a simple notice of appeal in the underlying Court, nor how Defendants were supposed to gather medical records, consult experts, and determine whether or not to appoint counsel in the timeframe required for Mr. Iceberg to file his notice of appeal. In any event, Defendants would likely be able to demonstrate that this would have imposed an undue financial or administrative burden. These same deficiencies doom his WLAD and constitutional claims, which are based on the same failure to accommodate allegations. Amendment could not possibly cure these deficiencies without altering the pled facts. Accordingly, Mr. Iceberg fails to state a claim upon which relief can be granted and dismissal under 28 U.S.C. § 1915(e)(2)(B) is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 19th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 8